UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:02cr35/LAC/CJK
      3:17cv719/LAC/CJK

JEAN MICHAEL SANTIAGUE,

    Defendant.
_____/

REPORT AND RECOMMENDATION

    This matter is before the court upon a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant. (ECF No. 108). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the undersigned has determined that the motion is untimely and should be dismissed.

Case Nos.: 3:02cr35/LAC/CJK; 3:17cv719/LAC/CJK

On June 17, 2002, Defendant pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii).  (ECF No. 28).  Defendant failed to appear for his sentencing hearing in 2002, and remained a fugitive for almost five years during which time he committed other crimes.  (*See* ECF No. 45 at 2).  On August 15, 2007, the court sentenced Defendant to a term of 327 months' imprisonment, to run concurrently with a State of Florida sentence, followed by ten years of supervised release.  (ECF Nos. 44, 45).  The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on May 16, 2008.  (*See* ECF Nos. 46, 68).  Defendant did not file a petition for certiorari with the United States Supreme Court, so his judgment of conviction became final on the date on which his time for filing such a petition expired (*i.e.*, ninety days after the entry of the court of appeals judgment). Thus, Defendant's judgment of conviction became final on August 14, 2008.  In order to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by August 14, 2009.  This motion, dated September 27, 2017, and received by the clerk on October 2, 2017, is facially untimely.[1]

---

[1] On April 29, 2008, the court reduced Defendant's sentence under 18 U.S.C. § 3582(c)(2) from 327 months' to 262 months' based on Amendment 706 of the United States Sentencing Guidelines ("U.S.S.G.").  (ECF Nos. 64, 65).  On January 17, 2012, the court reduced

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Unless Defendant establishes entitlement to equitable tolling, his motion is time-barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (*citing Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise

---

Defendant's sentence from 262 months' to 240 months' based on Amendment 750 of the U.S.S.G. (ECF Nos. 72-74).
Case Nos.: 3:02cr35/LAC/CJK; 3:17cv719/LAC/CJK

stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Defendant raises three claims in his motion. In the first ground Defendant claims that the court lacked subject matter jurisdiction to impose an enhanced sentence because the Government failed to comply with the procedural requirements in 21 U.S.C. § 851(a)(1). Specifically, Defendant says he did not receive adequate notice of a sentence enhancement based on a prior conviction. (*See* ECF No. 108 at 5, 16-18).[2] Defendant addresses the issue of timeliness in his memorandum only

---

[2] In ground two, Defendant raises ineffective assistance of counsel claims. (*See* ECF No. 108 at 21-23). In ground three, Defendant alleges that the prosecutor failed to comply with 21 U.S.C. § 851(a)(1) because he did not file the information establishing Defendant's prior conviction
Case Nos.: 3:02cr35/LAC/CJK; 3:17cv719/LAC/CJK

by stating that the jurisdictional defects he raises in ground one of his motion cannot be procedurally defaulted.  (ECF No. 108 at 16).

On July 31, 2017, Defendant filed a motion to dismiss his judgment under Fed. R. Crim. P. 12(b)(2) alleging in part that the court lacked subject matter jurisdiction to enhance the sentence based on a prior conviction.  (ECF No. 105). This court denied the motion as untimely because such defense must be raised while the case is pending.  (ECF No. 107).³  Defendant raises the same issue in ground one of his § 2255 motion.  Defendant has not established his entitlement to equitable tolling, so the motion should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

before Defendant entered his guilty plea.  (*See* ECF No. 108 at 24).  For apparent reasons, neither of these grounds would be subject to equitable tolling.

³ Defendant's motion for reconsideration of that denial is pending.  (*See* ECF No. 109).
Case Nos.: 3:02cr35/LAC/CJK; 3:17cv719/LAC/CJK

§ 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 108) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

Case Nos.: 3:02cr35/LAC/CJK; 3:17cv719/LAC/CJK

At Pensacola, Florida, this 24th day of October, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:02cr35/LAC/CJK; 3:17cv719/LAC/CJK